IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAKEE THAO,

              Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

              Defendant.

OPINION AND ORDER

17-cv-325-bbc

---

In a text only order entered on September 5, 2017, I granted as unopposed plaintiff Wakee Thao's motion for discovery in which he (1) sought the production of the notes taken by Administrative Law Judge John Pleuss during the April 12, 2016 administrative hearing in his case; and (2) requested that I stay briefing in the case pending discovery. Dkt. #12. Defendant now seeks reconsideration of that order, explaining that she opposes discovery and failed to file a timely response because her attorneys incorrectly calendared the response date. Dkt. #13. Although plaintiff was given an opportunity to respond to the motion for reconsideration, he did not do so.

For the reasons explained below, I am granting defendant's motion for reconsideration, denying plaintiff's request for discovery and setting a briefing schedule in this case.

OPINION

In his brief in support of his motion for discovery, plaintiff argued that Judge Pleuss

may have been biased against him because he is Hmong and does not speak English. In support, plaintiff submitted various news articles detailing inappropriate comments that Judge Pleuss made about Social Security claimants in his personal hearing notes. However, none of the articles reported that Pleuss was found to have been biased in his decision-making or that he made any comments showing bias against Hmong people, immigrants or non-English speakers. With respect to his specific case, plaintiff cites excerpts from the administrative hearing transcript in which his attorney requested a Hmong translator, but Pleuss questioned plaintiff's inability to speak English because plaintiff previously had checked a box on a form stating that he spoke English. AR 36-38. However, as defendant points out, Judge Pleuss immediately obtained a Hmong translator and continued with the hearing. Id. Although a review of the administrative law judge's written decision in plaintiff's case shows that Pleuss did not find plaintiff entirely credible in part because he believed that plaintiff may have been understating his ability to speak English, Pleuss supported his finding with specific examples and citations to the record. AR 27-28. Although plaintiff may decide to challenge Pleuss's credibility determination in his appeal, on their face, his statements about those matters do show bias against non-English speakers.

As defendant argues, discovery is not usually allowed in social security cases because judicial review under 42 U.S.C. § 405(g) is limited to a closed administrative record to which neither party may add evidence before the district court. Mathews v. Weber, 423 U.S. 261, 270 (1976). See also Little Co. of Mary Hospital v. Sebelius, 587 F.3d 849, 855-56 (7th Cir. 2009) ("[A]s a general rule . . . review of an agency's decision is confined to the

2

administrative record."). This is particularly true in a case such as this one in which plaintiff has not alleged bias in his complaint. Cf. Pardo v. Astrue, no. 11-cv-1788, 2013 WL 5719076, at *1 (E. D. N. Y. Oct. 18, 2013) (allowing discovery in class action lawsuit alleging bias on part of administrative law judge under Social Security Act, Administrative Procedure Act and due process clause).

In sum, without more than a few vague statements about plaintiff understating his ability to speak English, I will not contravene established precedent and grant plaintiff's request for discovery in this case on the ground that the administrative law judge was "potentially" biased against Hmong people. Dkt. #9 at 1. Accordingly, I am granting defendant's motion for reconsideration, denying plaintiff's request for discovery and setting a briefing schedule in this case.

ORDER

IT IS ORDERED that defendant Commissioner of Social Security's motion for reconsideration of the court's September 5, 2017 text only order, dkt. #13, is GRANTED. Plaintiff Wakee Thao's request for discovery is denied. The parties are to observe the following briefing schedule: plaintiff's brief in support of his appeal is due October 27, 2017,

defendant's brief in opposition is due December 4, 2017 and plaintiff's reply is due December 18, 2017.

Entered this 2d day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge