IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAKEE THAO,

                      Plaintiff,

     v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

                      Defendant.

OPINION AND ORDER

17-cv-325-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Wakee Thao is seeking review of a final decision by defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying his claim for supplemental security income under the Social Security Act on the ground that he did not suffer from a severe impairment that significantly limited his ability to work for 12 consecutive months. 42 U.S.C. § 405(g). Plaintiff seeks remand of that decision, arguing that the administrative law judge who decided the case (1) did so prematurely at step 2 of the five-step sequential evaluation process; (2) did not properly consider the diagnoses made by plaintiff's treating physician; and (3) failed to consider plaintiff's prior Social Security claim file in an effort to establish his longitudinal medical history, in accordance with agency guidance. Dkt. #16.

      For the reasons explained below, I conclude that the administrative law judge did not support his step 2 finding on plaintiff's impairments with substantial evidence. Accordingly, I am reversing the commissioner's decision and remanding this case for further proceedings.

      The following facts are drawn from the administrative record (AR).

BACKGROUND FACTS

Plaintiff has filed twice for supplemental security income benefits. An administrative law judge denied plaintiff's February 7, 2011 application for benefits on October 16, 2012, finding that plaintiff's diabetes and back and shoulder strain were not severe impairments, AR 21 and 54, and this court affirmed the commissioner's denial on November 24, 2014. In the meantime, plaintiff filed a second application for benefits on December 30, 2013, in which he alleged that he was disabled as of that date because of diabetes, hypertension, depression, a skin rash and pain in his lower back, right shoulder, right ear and right ankle and leg. AR 21, 23, 216.

Plaintiff has not had any paid employment since arriving in the Unites States from Thailand in 2004 or 2005. AR 41, 56, 286. However, until 2015, he was sweeping, mopping and cleaning windows about eight hours a month as a volunteer at the local Hmong community center. AR 23, 40, 216. Plaintiff was 59 years old when he applied for benefits in 2013. AR 237.

Dr. Cheng Her has been plaintiff's treating physician for seven or eight years, and plaintiff sees him once or twice a month for his diabetes and back and shoulder pain. AR 42. From 2012 to 2015, Dr. Her and other providers at Gundersen Health System have noted consistently in their treatment notes that plaintiff has diabetes, hypertension, chronic back and right shoulder pain and bilateral leg weakness. E.g., AR 272, 290, 295, 306, 406, 418. Plaintiff has taken lisinopril for hypertension and metformin for diabetes, but he has

2

sometimes skipped these medications because of their high cost. AR 282, 289. For back pain, plaintiff has taken flexeril three times a day as needed, nabumentone as needed up to twice daily and hydrocodone-acetaminophen (Lortab) as needed up to every four hours. AR 294. In November 2013 and January 2014, plaintiff reported taking Lortab only intermittently or infrequently. AR 320, 324.

During some of his office visits with Dr. Her, plaintiff reported performing various forms of physical activity. On February 27, 2013, plaintiff stated that he stayed in the house during the winter but was busier in the summer. walking, running and gardening. AR 286. On November 21, 2013, plaintiff reported that he walked 40 to 60 minutes each day and that he planned to use a recumbent bicycle or rowing machine to prevent him from getting stiff. AR 317. On March 3, 2014, plaintiff saw Dr. Her for right arm pain he was experiencing after "vigorous and regular" snow shoveling in the previous week. AR 342. Upon examination, Dr. Her noted that plaintiff had full muscle strength in his upper and lower extremities and a normal gait. Id. However, in August and September 2014, plaintiff reported significant fatigue and weakness and said that he was too weak to go outside. AR 406-07. Dr. Her wrote that "I do not dismiss his pain but for these many years, what we have tried thus far has not gotten any better. . . . he felt better when he was active and more committed to something each day rather than waiting, hoping for something to change." AR 408. After a long hiatus, plaintiff saw Dr. Her in October 2015 and reported feeling tired all of the time. Plaintiff was not able to afford his medications at that time. AR 417. In November 2015, Dr. Her wrote that he was not convinced that plaintiff's

3

medications would do much even if he could afford them, unless he made a fundamental change in his nutrition and outlook, which were limited by economics. AR 422.

Dr. Her completed two work restriction questionnaires in support of plaintiff's application for benefits. On July 11, 2014, Her stated the opinion that as of October 12, 2012, plaintiff could work only 30 minutes a day with the following limitations: lifting and carrying less than 10 pounds; sitting less than 30 minutes; standing and walking less than 15 minutes; shifting positions at will; continual unscheduled breaks; no more than frequent fine manipulation and no more than seldom gross manipulation with either hand; and seldom to no limited reaching. AR 366-68. In a subsequent questionnaire completed on October 21, 2015, Her repeated similar restrictions but increased the sitting, standing and walking limitation to less than two hours a day and recommended up to occasional manipulation and reaching on the left side and seldom manipulation and no reaching on the right side. AR 412-14.

Two state agency physicians also offered opinions on plaintiff's physical ability. During the initial review of plaintiff's application for benefits, Dr. Syd Foster reviewed plaintiff's medical records and concluded on February 26, 2014 that plaintiff did not have a severe impairment. AR 76, 80. Foster noted that plaintiff had had stable or normal physical examinations since 2012 and reported that the more active he was, the better he felt. On August 5, 2014, at the reconsideration level of review, Dr. Mina Khorshidi affirmed Dr. Foster's findings, noting that plaintiff's medical records did not contain any significant findings. AR 84, 89-90.

4

In addition, two state agency psychologists assessed plaintiff's mental abilities at the initial and reconsideration levels of review. On February 26, 2014, Dr. Roger Rattan found that plaintiff's reports of depression did not amount to a severe impairment because upon examination, he has been emotionally stable and exhibited an appropriate mood. AR 81. On August 8, 2014, Dr. Deborah Pape affirmed that finding, adding that plaintiff had sought treatment for only his physical complaints and was not taking medication for any mental impairment. AR 91.

On April 12, 2016, Administrative Law Judge John Pleuss held an administrative hearing at which plaintiff testified with the assistance of a Hmong interpreter. AR 33-34. Plaintiff testified that he has not been able to work because his back hurts from all the shooting he had to do as a soldier in the war in Thailand. AR 40. His doctor told him to use a cane if he is unable to walk and he uses it to walk outside. AR 41-42. Plaintiff has pain in his lower back, upper shoulders and left leg. He testified that he can stand for only 10 minutes, walk for five or six minutes before sitting down and carry three to four pounds. AR 43. Plaintiff had a magnetic resonance imaging study of his back in 2014 but he does not have "any medical funds" to have any more. AR 43-44. (Plaintiff did not discuss the results of the 2014 scan and it does not appear to be part of the medical record.) Although plaintiff took an English class four hours a day, seven days a week for seven years, he cannot understand or speak English. AR 45.

The administrative law judge issued a written decision on June 2, 2016, finding that even though plaintiff had the medically determinable impairments of degenerative disc

disease, diabetes and essential hypertension, he did not have a severe impairment or combination of impairments that significantly limited his ability to perform basic work for 12 consecutive months. AR 23-24, 28. In reaching this decision, the administrative law judge gave great weight to the opinions of Dr. Rattan and Dr. Pape and noted that his decision was supported by the opinions of Dr. Foster and Dr. Khoshidi. AR 25, 28. However, the administrative law judge stated that he gave only minimal weight to Dr. Her's opinions because (1) Dr. Her had only described plaintiff's symptoms and had not provided any medical diagnosis for plaintiff; and (2) the extreme limitations Dr. Her assessed for plaintiff were not consistent with the medical findings documented in Her's own treatment notes. AR 26. The administrative law judge also noted the absence of any imaging studies in the record or other objective findings to support plaintiff's reported symptoms, plaintiff had failed to comply with some recommended treatment (e.g., by not taking medication and not testing his blood sugar levels) and plaintiff was able to perform a significant number of strenuous activities (such as shoveling, gardening and running). AR 27-28.

OPINION

Plaintiff contends that the administrative law judge erred at step 2 of the sequential evaluation process by finding that plaintiff was not severely impaired by diabetes and chronic low back and right shoulder pain, particularly in light of the fact that the Court of Appeals for the Seventh Circuit has made clear that "[t]he Step 2 determination is a de minimis screening for groundless claims," Meuser v. Colvin, 838 F.3d 905, 910 (7th Cir. 2016), "intended to exclude

6

slight abnormalities that only minimally impact a claimant's basic activities." O'Connor-Spinner v. Colvin, 832 F.3d 690, 697 (7th Cir. 2016).  Specifically, plaintiff argues that the administrative law judge ignored the de minimus standard applicable at step 2 and did not properly consider the diagnoses made by plaintiff's treating physician or the favorable medical evidence contained in plaintiff's prior claim file in determining that plaintiff did not have a severe impairment.  As plaintiff concedes, dkt. #18 at 14, the administrative law judge's failure to consider favorable medical evidence from plaintiff's previous disability claim file does not qualify as reversible error.  However, for the reasons below, I find that remand is required because the administrative law judge erred in making his step 2 determination.

A. Prior Claim File

It is plaintiff's contention that the administrative law judge should have considered the 2012 cervical spine x-rays, 2011 range of motion examination and 2012 physical examinations documented in plaintiff's prior claim file. The Social Security Administration, Office of Hearings and Appeals has a Hearings, Appeals, and Litigation Law Manual (HALLEX) that specifically addresses the incorporation of evidence from prior claims under certain procedural circumstances.  HALLEX I-2-1-13.  The manual provides that "consideration of the evidence in the prior claim file may be necessary when (1) There is a need to establish a longitudinal medical, educational, or vocational history; or (2) The impairment is of a nature that evidence from a prior claim(s) file could make a difference in establishing whether disability is present in the current claim." However, as defendant points

7

out, the provision is not mandatory and only suggests that consideration of evidence in a prior claim file "may be necessary" under certain circumstances. Further, federal appellate courts are split regarding the binding effect of HALLEX, and the Court of Appeals for the Seventh Circuit has yet to decide the issue. Davenport v. Astrue, 417 Fed. Appx. 544, 547 (7th Cir. 2011). Notably, federal district courts in this circuit have concluded that "the HALLEX lacks the force of law, [] and is 'entitled to respect' only to the extent it is persuasive." Anderson v. Astrue, No. 09-cv-2399, 2011 WL 2416265, at * 11 (N.D. Ill. June 13, 2011); see also McMurtry v. Astrue, 749 F. Supp. 2d 875, 881 (E.D. Wis. 2010) (citing cases). Finally, the same attorney represented plaintiff in both his prior and current cases but did not ask the administrative law judge to include any evidence from the prior claim file in the administrative record in this case. Summers v. Berryhill, 864 F.3d 523, 527 (7th Cir. 2016) ("[B]ecause [plaintiff] was represented by counsel at the hearing, []he is presumed to have made h[is] best case before the ALJ."). Therefore, I conclude that the administrative law judge did not commit reversible error in not reviewing evidence from plaintiff's prior claim file.

B. Severe Impairments

At step 2 of the sequential evaluation process, an administrative law judge determines whether a claimant has a medically determinable impairment or combination of impairments that is "severe." 20 C.F.R. § 416.920(c). An impairment is "severe" if it significantly limits the claimant's ability to do basic work activities, without considering the claimant's age, education, or work experience. 20 C.F.R. § 416.921(a) (Feb. 11, 1991 version). "Basic work activities" are the abilities and aptitudes necessary to do most jobs and include physical functions such as

8

walking, standing, sitting and lifting; capacities for seeing, hearing and speaking; understanding, carrying out and remembering simple instructions; using judgment; responding appropriately to supervision; and dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). An impairment or combination of impairments is considered not to be severe only if it is a slight abnormality that would have no more than a minimal effect on a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.921(b) (Feb. 11, 1991 version); Meuser, 838 F.3d at 910; Castile v. Astrue, 617 F.3d 923, 927 (7th Cir. 2010) (an impairment was not severe because it did not "more than minimally affect" the claimant's ability to perform basic work activities).

Although the administrative law judge criticized Dr. Her for not identifying any diagnoses in plaintiff's work restriction questionnaires, his monthly treatment notes show that plaintiff had diabetes, hypertension, chronic back and shoulder pain and leg weakness, for which plaintiff took several prescription medications, including narcotic pain killers on occasion. In addition, both plaintiff and Dr. Her reported that these conditions, and the pain in particular, caused more than a minimal effect on plaintiff's ability to perform basic physical functions, including walking, standing, reaching and lifting. The administrative law judge discounted Her's diagnoses and reports because they were not supported by any imaging studies in the record and they were inconsistent with Dr. Her's own medical findings, including his finding that plaintiff's diabetes was well-controlled in February 2013 with his excellent diet and low blood sugar levels; that plaintiff had full strength and a normal gait in March 2014; that plaintiff did not take his medications or test his blood sugar levels on a number of occasions; and that plaintiff was able to perform a significant number of activities. Although it is true that there were no

9

imaging studies in the record before the administrative law judge and that plaintiff admitted not taking his medications or testing his blood sugar levels at a few of his appointments, the Court of Appeals for the Seventh Circuit has made it clear that an administrative law judge must not draw any inferences about a claimant's condition from a failure to pursue medical care unless he has explored the claimant's explanations for the lack of care. Roddy v. Astrue, 705 F.3d 631, 638 (7th Cir. 2013); Craft v. Astrue, 539 F.3d 668, 679 (7th Cir. 2008). In this case, the administrative law judge not only failed to ask plaintiff why he did not follow recommended treatment, but he ignored significant evidence in the record that plaintiff could not always afford his medications or blood testing supplies. Myles v. Astrue, 582 F.3d 672, 677 (7th Cir.2009) (citing Soc. Sec. Rul. 96-7p) ("Inability to pay for medication or negative side effects from medication may excuse failure to pursue treatment."). Further, the administrative law judge failed to recognize or follow up on plaintiff's hearing testimony that a lack of "medical funding" prevented him from getting updated scans or tests.

Additionally, Dr. Her's references to plaintiff doing well during certain office visits or plaintiff's ability to perform more strenuous activities (like walking for 60 minutes or shoveling) do not mean that plaintiff did not suffer from severe impairments. Although plaintiff's diabetes appeared to be under control much of the time, there is evidence in the record that plaintiff experienced fatigue and other issues when it was not. Similarly, although plaintiff was able to engage in more significant activities on occasion, by late 2014 and 2015, he did not have the energy or ability to go outside. More important, these issues and the administrative law judge's overall concerns with inconsistencies in the medical record, plaintiff's credibility and the extent to which plaintiff was able to function all relate to his

ability to work despite his various impairments. The court of appeals has emphasized that "an assessment of the functional limitations caused by an impairment is more appropriate for Steps 4 and 5, not Step 2." Meuser, 838 F.3d at 910 (finding administrative law judge's arguments regarding claimant's ability to function "conflate Steps 2, 4, and 5").

In light of the low threshold required to satisfy step 2 of the evaluation process, I conclude that the record contains sufficient objective medical evidence to establish that plaintiff has a severe impairment. Accordingly, I am reversing the decision of the administrative law judge and remanding this case for further consideration of plaintiff's severe impairments and the remaining steps of the evaluation process.

ORDER

IT IS ORDERED that the decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, denying plaintiff Wakee Thao's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 20th day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge