IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WAKEE THAO,

                Plaintiff,                        OPINION AND ORDER

    v.

                                                       17-cv-325-bbc

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 20, 2018, I entered judgment in favor of plaintiff Wakee Thao, remanding this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. #22. On May 29, 2018, I accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorney fees in the amount of $5,067.08. Dkt. #25. Now before the court is a motion filed by plaintiff Wakee Thao's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative judge on remand. Dkt. #26. Defendant does not oppose the motion. Dkt. #28.

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent or $9,163.50 for attorney fees. Counsel has submitted an accounting showing 22.50 hours in attorney time and 9.75 hours in paralegal time spent on plaintiff's case in this court. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding a fee for court work in the amount of $4,096.42 (equal to $9,163.50 less the previously awarded EAJA fee of $5,067.08) to be payable out of plaintiff's past-due benefits.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor, and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $9,163.50 in fees for 22.5 hours of attorney work at an hourly rate of approximately $400, plus additional compensation for 9.75 hours of work by paralegal staff. (Counsel does not provide an hourly rate for the paralegal time but it would have to be less than $100 in light of the total amount requested.) Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). See also Richlin Secretary Service Co. v. Chertoff, 553 U.S. 571, 581 (2008) (reasonable attorney fees under EAJA includes paralegal time); Beach v. Berryhill, No. 14-cv-857-bbc, 2017 WL 3275546, at *2 (W.D. Wis. Aug. 1, 2017) (awarding $200 an hour for paralegal work). Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record and drafted a successful motion for summary judgment that resulted in a favorable remand. In addition, defendant does not oppose the motion. Accordingly, I will grant counsel's motion for attorney fees in the amount of $4,096.42 and direct that the remaining $5,067.08 of the statutory fee be released to plaintiff.

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #26, is GRANTED. The court approves a representative fee award of $4,096.42 to be payable to Dana Duncan out of the statutory fee withheld from plaintiff's past-due benefits. The remaining $5,067.08 of the statutory fee shall be released directly to plaintiff Wakee Thao.

Entered this 17th day of October, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge